## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

KIM KENNEDY, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

NATIONAL CREDIT AUDIT CORPORATION, and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

## CIVIL ACTION

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIM KENNDY, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, NATIONAL CREDIT AUDIT CORPORATION, ("NCAC"),  JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of Union County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      NCAC maintains a location at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

8.      Upon information and belief, NCAC uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      NCAC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent emails, letters and/or notices from NCAC concerning a debt and/or obligation owed to another, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

- <u>The class definition may be subsequently modified or refined</u>.

- <u>The Class period begins one year to the filing of this Action</u>.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form emails, letter and/or notice. (*See* **<u>Exhibit A, C, and D</u>**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.      Whether the Defendant violated various provisions of the FDCPA including but not limited to:

            15 U.S.C. §§ 1692g *et seq.*, and 1692c *et seq.*,

    b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On or before May, 2017, Plaintiff allegedly incurred a financial obligation to GENERAL GREENE VILLAGE ("GENERAL").

16.    The GENERAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The GENERAL obligation arose out of a transaction, which was not for business purposes.

18.    The GENERAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    GENERAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     On or before March July 18, 2017, the GENERAL obligation was referred to NCAC for the purpose of collection.

21.     At the time the GENERAL obligation arose out of a transaction obligation was referred to NCAC the GENERAL obligation was past due.

22.     At the time the GENERAL obligation arose out of a transaction obligation was referred to NCAC the GENERAL obligation arose out of a transaction obligation was in default pursuant to the terms of the agreement creating the obligation.

23.     NCAC caused to be delivered to Plaintiff an email dated July 17, 2017, which was addressed to Plaintiff.  A copy of said email is annexed hereto as **Exhibit A.**

24.     The July 17, 2017 email stated in part:

> Please call my office regarding this important business mater of yours.  Thank You!
>
> NCAC is a debt collector.  This is an attempt to collect a debt any information that is obtained will be used for this purpose.
>
> Jan Bergman
> Case Manager

25.     The July 17, 2017 email was sent to Plaintiff in connection with the collection of the GENERAL obligation.

26.     Upon receipt, Plaintiff read the July 17, 2017 email.

27.     The July 17, 2017 email is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     On July 18, 2017, Plaintiff, through her undersigned attorney sent a letter to NCAC, via facsimile and First Class Mail, instructing it to cease and desist all collection efforts and communication with Ms. Kennedy. A copy of said letter is annexed hereto as **Exhibit B.**

29.     On July 24, 2017, NCAC sent a letter addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit C.**

30.     The July 24, 2017 stated in the very first sentence, "This letter will to acknowledge receipt of your recent correspondence concerning the above referenced account."

31.     Upon receipt, Plaintiff read the July 24, 2017 letter.

32.     The July 24, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     On July 25, 2017, NCAC caused to mail another letter to Plaintiff. A copy of said letter is annexed hereto as **Exhibit D.**

34.     Upon receipt, Plaintiff read the July 25, 2017 letter.

35.     The July 25, 2017 stated in part, "Unfortunately, you failed to respond in a timely manner.  As a consequence, we assume that above referenced account is a valid debt, but you are refusing to pay."

36.     The July 25, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     Section 1692g(a)(1),(3) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1) the amount of the debt;
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

38.    The July 17, 2017 email did not contain the required notice pursuant to Section 1692g(a)(1) of the FDCPA.

39.    The July 17, 2017 email did not contain the required notice pursuant to Section 1692g(a)(3) of the FDCPA.

40.    NCAC did not provide the written notice pursuant to Section 1692g(a)(1) of the FDCPA to Plaintiff, within five (5) days of the July 17, 2017 email.

41.    NCAC never provided. the written notice pursuant to Section 1692g(a)(1) of the FDCPA to Plaintiff.

42.    NCAC never provided. the written notice pursuant to Section 1692g(a)(3) of the FDCPA to Plaintiff.

43.    NCAC did not provide the written notice pursuant to Section 1692g(a)(3) of the FDCPA to Plaintiff, within five (5) days of the July 17, 2017 email.

44.    NCAC knew or should have known that its actions violated the FDCPA.

45.    NCAC could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46.    It is NCAC's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(1); and

    (b)    Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3); and

    (c)    Communicating with the consumer after receiving a cease and desist notice.

(d)    Communicating with the consumer when it knew the consumer was represented by an attorney.

47.    On information and belief, NCAC sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

48.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49.    Collection letters, emails and/or notices, such as those sent by NCAC, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50.    The July 17, 2017 email fails to properly inform the least sophisticated consumer of her statutory right to dispute the alleged debt.

51.    The July 17, 2017 email fails to properly inform the least sophisticated consumer of the amount the alleged debt.

52.    NCAC failed to provide the written notice pursuant to Section 1692g(a)(1) of the FDCPA to Plaintiff, within five (5) days of the July 17, 2017 email.

53.    NCAC violated Section 1692g(a)(1) of the FDCPA by failing to provide the written notice pursuant to Section 1692g(a)(1) to Plaintiff, within five (5) days of the July 17, 2017 email.

54.    NCAC failed to provide the written notice pursuant to Section 1692g(a)(3) of the FDCPA to Plaintiff, within five (5) days of the July 17, 2017 email.

55.    NCAC violated Section 1692g(a)(3) of the FDCPA by failing to provide the written notice pursuant to Section 1692g(a)(3) to Plaintiff, within five (5) days of the July 17, 2017 email.

56.    The least sophisticated consumer upon reading the July 17, 2017 email would be confused and/or unsure as to what she must do to effectively dispute the alleged debt.

57.    NCAC violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the July 17, 2017 email, what she must do in order to dispute the alleged debt.

58.    NCAC violated 15 U.S.C. §1692g(a)(1) by failing to effectively inform Plaintiff in the July 17, 2017 email, the amount of the debt.

59.    The least sophisticated consumer upon reading the July 17, 2017 email would be unsure of how much she must pay.

60.    NCAC mailed a letter to Plaintiff on July 24, 2017, after it received the cease and desist instructions stated in the July 18, 2017 letter.

61.    NCAC violated Section §1692c(c) of the FDCPA by communicating with Plaintiff after receiving cease and desist instructions.

62.    NCAC mailed a letter to Plaintiff on July 24, 2017, after it knew that Plaintiff was represented by an attorney.

63.    NCAC violated Section §1692c(a)(2) of the FDCPA by communicating with Plaintiff after it knew that she was represented by an attorney

64.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

65.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

66.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

67.    Plaintiff and others similarly situated were sent letters, emails and/or notices, which would have affected their decision-making with regard to the debt.

68.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

69.    Plaintiff has suffered damages and other harm as a direct result of NCAC's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: September 26, 2017

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 26, 2017

*/s/ Joseph K. Jones*

Joseph K. Jones, Esq.

# Exhibit

## A

Case 2:17-cv-07498-CCC-JBC    Document 1    Filed 09/27/17    Page 14 of 23 PageID: 14

 Gmail                                                                **kim kennedy** ███████████

## Fwd: General Greene Village 335671

███████████

███████████████████████████                                              ███████████████

███████████

███████████████████

**From:** "Jan Bergmann (FADV-DGW)" <stephanie.bergmann@fadv.com>
**Date:** July 17, 2017 at 12:36:27 PM EDT
**To:** "thekennedys██████com" <thekennedys████████.com>
**Subject:** General Greene Village  335671

Please call my office regarding this important business matter of yours. Thank you!

NCAC is a debt collector.This a attempt to collect a debt any information that is obtained will be used for this  purpose.

**Jan Bergmann**

*Case Manager*

T. 1-800-779-4894 ext 7236

Fax 727-214-0514

stephanie.bergmann@fadv.com

www.FADV.com

National Credit Audit Corporation
The screening solutions business of
LexisNexis has combined with First Advantage –

Creating the Global Leader in Screening

*(handwritten)*
National Credit Audit Cop.
NCAC
PO Box 515489
Dallas, TX 75251

# Exhibit

# B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

Reply to:  New York



Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

July 18, 2017

**Via Facsimile (727) 214-0514 and First Class Mail**
National Credit Audit Corporation (NCAC)
PO Box 515489
Dallas, TX 75251

Re:    Kim Kennedy
       Creditor: General Greene Village 335671

To Whom It May Concern:

This firm has been retained to represent the interest of Kim Kennedy, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Kennedy.  Furthermore, Ms. Kennedy hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact her on her mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if National Credit Audit Corp., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
Jones, Wolf & Kapasi, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones
Attorney at Law

JKJ: dp
cc:   Kim Kennedy

# Exhibit

# C

# NCAC

National Credit Audit Corporation
P.O. Box 515489, Dallas, TX 75251-5489
payncac.com

July 24, 2017

Kim Kennedy

████████████████

RE:    General Greene Village                    080B

     File # ████
     Balance  $723.00

Dear Kim Kennedy,

This letter will serve to acknowledge receipt of your recent correspondence concerning the above referenced account.

It appears you are attempting to dispute some or all of the charges that comprise the outstanding balance however your letter is not specific. We have verified the charges with our client. You should understand that this is a contractual debt incurred as a result of the lease you signed with General Greene Village. Based on our research, the balance appears to be correct.

I am enclosing a copy of your signed Lease Contract and the Statement of Deposit that detail the specific charges you incurred. We are unable to make any adjustment to your account unless you can provide documentation to support your dispute to a particular charge. Upon receipt of the necessary documents, we will immediately investigate the matter and make any necessary revisions. Until that time, our report to the credit bureau remains unchanged.

If you have any questions concerning the charges or the documentation necessary to validate a dispute, please contact an NCAC representative immediately. NCAC hours are 8 AM-5PM CST Monday through Friday.

Sincerely,

Jan Cravens
800-779-4894
800-779-4894

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

## Move Out Statement

Date: 05/30/2017

| Code | ▮ | Property | 6121 | Lease From | 05/18/2016 |
|------|---|----------|------|------------|------------|
| Name | Kim Kennedy | Unit | 080B | Lease To | 05/17/2017 |
| Address | ▮ | Status | Past | Move In | 05/18/2013 |
| | | Rent | 1,681.67 | Move Out | 05/17/2017 |
| City | ▮ | | | Notice | 04/06/2017 |
| Telephone | (O)-(  )  -      (H)- ▮ | | | | |

| Date | Description | Charge | Payment | Balance | Chg/Rec |
|------|-------------|--------|---------|---------|---------|
| | Balance as of 5/01/2017 | | | 0.00 | |
| 05/01/2017 | Rent (05/2017) 17 days | 922.21 | 0.00 | 922.21 | 24651368 |
| 05/01/2017 | Pet fee (05/2017) 17 days | 19.19 | 0.00 | 941.40 | 24651369 |
| 05/01/2017 | Garage Rent (05/2017) 17 days | 41.13 | 0.00 | 982.53 | 24651370 |
| 05/04/2017 | chk# :ACH-WEB Online Payment - EFT Payment. | 0.00 | 982.53 | 0.00 | 10429205 |
| 05/17/2017 | :Security Deposit credit | -99.00 | 0.00 | (99.00) | 24810982 |
| 05/17/2017 | Damage Charge- Broken Blinds | 40.00 | 0.00 | (59.00) | 24810983 |
| 05/17/2017 | Damage Charge- Carpet is damagedNeedsToBeReplaced | 782.00 | 0.00 | 723.00 | 24810984 |

## New Jersey
## RESIDENTIAL LEASE AGREEMENT

| KEY LEASE TERMS | |
|---|---|
| Date of Lease: | May 18 _____, 2016 |
| Landlord: | East Coast General Greene LLC |
| Landlord's Address: | ████████████████████████ |
| Apartment Address: | |
| Resident(s): | Kim Kennedy |
| Resident(s): | |
| Occupant(s) under 18: | |
| Co-signor/Guarantor: | |
| Lease Start Date: | 05/18/2016 |
| Lease End Date: | 05/17/2017 |
| Total Rent for Lease Term: | $ 20,180.04 |
| Base Monthly Rent: | $ 1,681.67 |
| Insufficient Funds Charge | $ 50.00 |
| Security Deposit: | $ 99.00 |
| Amenity Fee: | $ 0.00 |

*Pursuant to NJ law, this must be the first clause in a lease for a condominium or cooperative unit. If the Apartment that is the subject of this Lease is not a condominium or cooperative unit, this paragraph does not apply. CONDOMINIUM/COOPERATIVE RIGHT OF TERMINATION: This building is, or is being converted to, a condominium or cooperative. Your tenancy can be terminated upon 60 days notice if your apartment is sold to a buyer who seeks to personally occupy it. If you move out as a result of receiving such a notice, and the landlord arbitrarily fails to complete the sale, the landlord shall be liable for treble damages and court costs.*

The Landlord and the Resident(s) agree to lease the Apartment for the terms set forth herein. For the purposes of this Lease Agreement, the term "*Apartment*" refers to the rental unit at the address set forth above, regardless of whether the unit is an apartment, condominium, townhouse, or other type of residential dwelling. The term "*Lease*" includes this document and all addenda thereto. The term "*Community*" means the entire apartment complex. The terms "*Landlord*" or "*we*," "*us*," or "*our*" refers to the Landlord, its affiliates and its agents and employees. The terms "*Resident*" or "*you*" or "*your*" includes all residents named herein. The Key Lease Terms above are material terms of this Lease and have the meanings set forth above. **All adults age 18 and over who will live in the Apartment must each sign this Lease.** If an occupant becomes 18 during the lease term, it will be a condition of renewal that he or she must sign the lease at the next renewal.

## TABLE OF CONTENTS

1. Term; Renewal Options
2. Rent
3. Utilities
4. Late Fees and Insufficient Funds
5. Additional Rent
6. Security Deposit
7. Possession
8. Use & Occupancy
9. Multiple Residents
10. No Assignment or Subletting
11. Condition of Apartment
12. Your Responsibility
13. Prohibited Conduct
14. Illegal Activity
15. Additional Terms
16. No Alterations
17. Pets
18. Access
19. End of Lease
20. Your Breaking of Lease
21. Landlord's Right of Re-Entry
22. Your Required Insurance
23. Crime Insurance
24. Incorrect Information
25. Legal Fees
26. Eminent Domain
27. Fire or Other Casualty
28. Release of Landlord
29. Indemnification
30. Subordination
31. Lease Changes
32. Mold
33. Window Guard Option
34. Satellite Dish - Antenna
35. Megan's Law
36. Severability
37. No Waiver
38. No Personal Liability
39. Notices
40. Truth in Renting
41. Lead Based Paint
42. Flood Zone Notification
43. Consent to Electronic Notices

43) **CONSENT TO RECEIVE ELECTRONIC NOTICES.** You agree to accept electronic service as sufficient legal service, unless otherwise required by law, of any and all notices sent by us to you (including, but not limited to, lease renewal notices) at your email address currently on file with us.

INITIALS _KK_

**BY SIGNING THIS DOCUMENT, YOU WILL BE LEGALLY BOUND.  PLEASE READ IT CAREFULLY.**
**BEFORE SIGNING, YOU MAY TAKE A COPY TO REVIEW AND/OR CONSULT AN ATTORNEY.**
You acknowledge receipt of a copy of this Lease and acknowledge that you have read every provision of this Lease and if you have any questions with regard to any provision of this Lease you have satisfied yourself with such answers.  Based on the foregoing, you hereby agree to be legally bound by all of the provisions of this Lease.

_Kim Kennedy_
Resident

_4/18/16_
Date

_____
Resident

_____
Date

_____
Resident

_____
Date

_____
Resident

_____
Date

_____
Landlord

_4/18/16_
Date

# Exhibit

# D



## NCAC

National Credit Audit Corporation
P.O. Box 515489, Dallas, TX 75251-5489
12770 Coit Road, Dallas, TX 75251
NC Permit #101689

July 25, 2017

Kim Kennedy

RE:    General Greene Village          080B

      File #
      Balance   $723.00

Dear Kim Kennedy,

We have corresponded with you previously, concerning the above referenced account.

Unfortunately, you have failed to respond in a timely manner. As a consequence, we assume that above referenced account is a valid debt, but you are refusing to pay.

My client expects me to pursue all available remedies to effect collection of your account. I urge you to make additional collection efforts unnecessary by remitting the balance or contacting me immediately to discuss payment options. Our payment address is **NCAC, P.O. Box 742593, Atlanta, GA 30374-2593**. For your convenience, we can accept at no additional cost, checks by phone or credit and debit cards. Please call today or visit our website at **payncac.com** for account information and payment options. NCAC hours are 8 AM-5 PM CST Monday through Friday.

Act now to protect your credit. I will allow 7 days for your response.

Sincerely,

Jan Cravens
800-779-4894
800 779-4894

NCAC is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

      D102